UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RICHARD CLARK,

                Plaintiff,

        -v-                               3:15-CV-25
                                         (DNH/TWD)

CAROLYN W. COLVIN,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                               OF COUNSEL:

Lachman, Gorton Law Firm            PETER A. GORTON, ESQ.
*Attorneys for Plaintiff*
P.O. Box 89
1500 East Main Street
Endicott, NY 13761-0089

Social Security Administration         TOMASINA DiGRIGOLI, ESQ.
Attorneys for Defendant               Special Asst. U.S. Attorney
Office of Regional General Counsel
Region II
26 Federal Plaza - Room 3904
New York, NY 10278

DAVID N. HURD
United States District Judge

## **DECISION and ORDER**

     Plaintiff Richard Clark filed this action seeking judicial review of a final decision of the Commissioner of Social Security denying her application for supplemental security income benefits and disability insurance benefits under the Social Security Act. By Report-Recommendation dated March 4, 2016, the Honorable Thérèse Wiley Dancks, United States

Magistrate Judge, recommended that the decision of the Commissioner be affirmed, plaintiff's motion for judgment on the pleadings be denied, and defendant's motion for judgment on the pleadings be granted. Plaintiff filed timely objections to the Report-Recommendation. See ECF No. 18.

In his objections, plaintiff argues that, in accordance with Medical-Vocational Rule 201.09 ("GRID"), his age should be calculated at 50, as of October 19, 2014, which combined with his ability to perform only sedentary work, limited education and previous semi-skilled work with a lack of transferrable skills renders him "disabled" within the meaning of the governing statute. Plaintiff asserts that this entitles him to benefits as of his 50th birthday and the case should be "remanded solely for the calculation of benefits" as to the period of October 19, 2014 to present.

However, this argument misses the mark entirely. The instant case and all prior determinations – the Administrative Law Judge's ("ALJ") decision, the denial of review by the Appeals Council and Magistrate Judge Dancks's Report-Recommendation – consider the relevant time period from the onset of disability, August 5, 2010, through the ALJ's decision on October 28, 2011, in which plaintiff was denied benefits. It is axiomatic that this bounded time period, from the date of disability onset through the ALJ's decision, creates the "relevant time period" of a social security disability insurance benefits case. Falcon v. Colvin, 2014 WL 1312362, at *6 (N.D.N.Y. Mar. 31, 2014) (Scullin, J.) ("relevant time period of disability" begins at onset and continues through the ALJ's decision and new evidence outside that time period cannot be considered); Evans v. Colvin, 2015 WL 4749169, at *5 (N.D.N.Y. Aug. 10, 2015) (Treece, J.) (according to the regulations only evidence from "the period on or before the date of the date of the administrative law judge hearing decision" will be considered);

Stober v. Astrue, 2010 WL 7864971, at *15 (D. Conn. July 2, 2010) ("if the new evidence concerns only the claimant's condition after the relevant time period, a remand for consideration of this evidence is not appropriate"); see also Dote-Lowery v. Colvin, 2015 WL 5787016, at *6 (N.D.N.Y. Oct. 1, 2015) (McAvoy, J.) ("relevant time period" begins at the date of disability onset and continues through the date of the ALJ's decision); Walsh v. Colvin, 2015 WL 3756859, at *12 (E.D.N.Y. June 16, 2015) (same); Nicole v. Astrue, 2009 WL 4110392, at *9 (N.D.N.Y. Nov. 20, 2009) (McCurn, J.) (same); Fortier v. Astrue, 2010 WL 1506549, at *22 (S.D.N.Y. Apr. 13, 2010) (same). It cannot be overstated that, on the date of the ALJ's decision, plaintiff was only 47 years old. Thus, he was not "an individual closely approaching advanced age, being 50 or 51 years of age. 20 C.F.R. §§ 404.1563(d), 416.963(d). Plaintiff would have a GRID applied, retroactively, that does not apply within "the relevant time period" of the ALJ's decision; however, this is clearly erroneous.

As plaintiff astutely points out in his objections, it is undisputed that plaintiff turned 50 years old nearly three years after the ALJ's decision was rendered. Therefore, the "proper recourse," given his development in age, "would have been to file a new application for benefits." Ritter v. Astrue, 32 F. Supp. 3d 193, 204 (N.D.N.Y. 2012) (Mordue, J.) (citing DeChirico v. Callahan, 134 F.3d 1177, 1184 (2d Cir.1998) (noting that "[the claimant was], of course, free to file a new application for benefits, pursuant to the relevant regulations, and to present new evidence of his disability at that time")); see also Feliciano v. Barnhart, 2005 WL 1693835, at *10 (S.D.N.Y. July 21, 2005) (where there is new evidence or a change in circumstances, after the ALJ's decision is rendered, claimant may file a new application for disability benefits).

The remaining objections of plaintiff are also without merit. The recommendations of Magistrate Judge Dancks in the Report-Recommendation are accepted. See 28 U.S.C. § 636(b)(1).

Therefore,

it is ORDERED that

Plaintiff's complaint is **DISMISSED**.

The Clerk of the Court shall enter judgment and close the case.

IT IS SO ORDERED.

United States District Judge

Dated: March 31, 2016
      Utica, New York